# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

---

## EPITOMIZED OPINIONS
### Published only in the Abstract

---

No. 941

### ZELLNER v. KESTER

Ohio Appeals, 3rd Dist., Crawford Co.

No. 1086.   Decided Oct. 21, 1925

32.   ADMINISTRATION—Under statutes, persons interested in estate are entitled to have a suitable person appointed to administer estate.

HUGHES, J.

On the 13th day of March, 1925, A. S. Leuthold, a person apparently not interested in any way in the estate of Tilghman Zellner, filed an application for letters of administration of his estate.   The only persons interested in this estate were Ella Zellner, his widow, and Dora Kester, his daughter.   With the application above referred to, the daughter Dora signed her declination renouncing the administration of the estate.   While this application purports to be made by a stranger, yet on March 27, 1925, Dora Kester filed with the probate court, a paper which she termed "by way of amendment to her original application for appointment of an administrator of the estate of Tilghman Zellner."

It would appear from this, and what followed during the proceedings, that she adopted as her own, the application that was originally filed.

After the decision of the probate court at the hearing on this application, a motion for new trial was filed by Dora Kester, terming herself the applicant.   This motion for new trial was in fact filed within three days after the decision of the probate court on the merits of the case.

The record shows, that Dora Kester requested the court to appoint a suitable person for administration of the estate, offering evidence to show that there was a chose in action of some considerable value belonging to the estate, against the widow.   Proper exceptions were taken and the certificate of the probate judge, attached to the bill of exceptions, recites that the bill of exceptions herein contains the evidence given and offered on the hearing.

Upon hearing in error in the Crawford Common Pleas, the judgment of the probate court was reversed and the cause remanded with instructions to appoint a suitable person as administrator of this estate.   Error was prosecuted to reverse this judgment of reversal and the Court of Appeals ruled:

Under the statutes of this state, when a showing is made, as it was in the case at bar, the persons interested in the estate are entitled to have a suitable person appointed to administer the estate, and hence there was no error in the judgment of the court of common pleas, and the same is affirmed.

Judgment affirmed.

Attorneys—Edward J. Myers for Zellner; J. W. McCarron and A. S. Leuthold for Kester; all of Bucyrus.